IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-90242 |
| | | |
| BRADLEY COY SMITH | | |
| 12526 N. FM 95 | § | CHAPTER 13 |
| NACOGDOCHES, TX 75961 | | |
| xxx-xx-9750 | | |
| DEBTOR | § | |

## MOTION OF COMMERICAL BANK OF TEXAS, N.A. FOR RELIEF FROM AUTOMATIC STAY AGAINST PROPERTY AND WAIVER OF THIRTY (30) DAY HEARING REQUIREMENT

### 14-DAY NEGATIVE NOTICE – LBR 4001(a):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Movant, COMMERCIAL BANK OF TEXAS, N.A., a secured creditor in the above-referenced bankruptcy proceeding, files this its Motion For Relief From Automatic Stay, and in support thereof would respectfully show the following:

Background and Jurisdiction

1. This is a contested matter seeking relief from the automatic stay over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157, and the Order of Reference of the United States District Court for the Eastern District of Texas.

2. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. This motion is made pursuant to 11 U.S.C. § 362(d) and is governed by Federal Bankruptcy Rules 4001(a) and 9014, and this Court's Local Rule 4001.

4. On or about December 30, 2021, BRADLEY COY SMITH ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

5. Movant is a secured creditor of Debtor, having a valid and existing first and priority security interest in Debtor's following collateral:

- All livestock, including but not limited to one hundred (100) head of Brahman Cows;
- 2008 ITI Trailer (VIN1Z92C45298T199217);
- 1994 Peterbilt Heavy Truck (VIN 1XP5DB9X6RD354079);
- 2007 Freightliner (VIN 1FUJA6DE67LW23571);
- 2012 Cascadia Freightliner (VIN 1FUJGLDR1CSBK4079);
- 2011 Freightliner (VIN 1FUJGLR3BSAZ9703);
- 2006 Trailer (VIN 1XP5DB9XX6N880317)
All other equipment of the Debtor.
(hereinafter collectively called the "Collateral").

Debtor is indebted to Movant as evidenced by that certain Promissory Note (the "Note") in the original amount financed of $311,608.82 dated October 29, 2021, executed by Debtor and payable to Movant. A true and correct copy of the Note granting to Movant a security interest in the Collateral described above is attached as Exhibit "A". Movant perfected its security interest in the Collateral by having its lien noted on the certificates of title to the Collateral. A true and correct copy of the certificates of title is attached as Exhibit "B". All attached exhibits are incorporated herein for all purposes.

6. Movant is the owner and holder of the Note and is entitled to receive all money due under its terms.

7. The Debtor's Chapter 13 Plan provides for payment of Movant's claim under the Chapter 13 Plan. However, at this time, the Debtor has allowed insurance to lapse on the Collateral.

8. The Debtor is using the Collateral and it is declining in value but no payments are

being made to Movant to compensate Movant for such use and decline in value.

## Grounds for Relief

9. The automatic stay created by the filing of the petition for relief should be terminated pursuant to 11 U.S.C., § 362(d) to allow Movant to take whatever action necessary to exercise its rights and remedies under non-bankruptcy law against the Collateral, either judicially or nonjudicially, including but not limited to, the right to foreclose its liens and security interests in the Collateral, apply the proceeds derived from such foreclosure sales to the unpaid balance of the Note, modify the Note, and/or any other loss mitigation options. The automatic stay in this bankruptcy proceeding should be terminated in this case for cause, including, but not limited to:

   a. <u>Lack of Adequate Protection, Cause and Lack of Good Faith</u>. Movant alleges that its interest in the Collateral is not adequately protected because the Debtors do not have insurance covering the Collateral.

10. Alternatively, the stay as to the Collateral should be terminated, because the Debtor has no equity in the Collateral and the Collateral is not necessary to an effective reorganization of the Debtor.

11. In the alternative and only in the event the Court does not forthwith terminate the automatic stay as to the Collateral, Movant would request the Court to enter an order conditioning the continuation of the automatic stay on the Debtor at all times remaining current in his plan payments to the Chapter 13 Trustee's office, the Debtor at all times maintaining full coverage insurance covering Movant's interest in the Collateral as required by the Contract, and the Debtor reimbursing Movant for its reasonable and necessary attorneys fees and expenses incurred in this case.

12. Movant requests that the 14-day period of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

13. By alleging specific grounds for the termination of the automatic stay under Section 362(d) of the Bankruptcy Code, Movant does not waive the requirements of Section 362(g) of the

Bankruptcy Code allocating the burden of proof in hearings held on this motion.

14. Nothing herein is a waiver by Movant of its claim for any deficiency on the indebtedness or any part thereof that remains after disposition of the Collateral and the exercise by Movant of its rights under the security documents described above and applicable law.

## Prayer for Relief

WHEREFORE, pursuant to 11 U.S.C. § 362(d), Movant seeks relief from the automatic stay as to the Collateral described above that secures the Contract in order to allow Movant to give all notices required by applicable law and by the Contract to foreclose Movant's security interests in the Collateral, including the repossession and liquidation of same and/or contacting Debtor to determine their intentions with respect to the Collateral, to modify the Contract and/or take other loss mitigation options, to exercise all Movant's rights and remedies under said Contract and applicable law against the Collateral, and for waiver of the 14-day period of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. Movant further prays for such other and further relief to which it may be justly entitled to receive.

Respectfully submitted this 25th day of January, 2022.

OFFERMAN & KING, L.L.P.

BY:/s/ James W. King
    JAMES W. KING
    TBA NO. 00791029
    6420 WELLINGTON PLACE
    BEAUMONT, TEXAS 77706
    (409) 860-9000
    (409) 860-9199-FAX
    jwk@offermanking.com
ATTORNEY IN CHARGE FOR MOVANT
COMMERICAL BANK OF TEXAS, N.A.

CERTIFICATE OF SERVICE

       I hereby certify that true and correct copies of the foregoing have been forwarded to the following parties by electronic means or by first-class mail:

Attorney for Debtor:

Walter David Stephens
P.O. Box 444
Lufkin, TX 75902

Chapter 13 Trustee:

Lloyd Kraus
110 N. College, 12th Floor
Tyler, TX  75702

Debtor:

Bradley Coy Smith
12526 N. FM 95
Nacogdoches, TX 75961

Parties that will not be
Electronically Notified:

PRA Receivable Management, LLC
P.O. Box 41021
Norfolk, VA 23541

       SIGNED AND DONE on this 25th day of January, 2022.

       /s/ James W. King
       James W. King