# EXHIBIT A

## PROMISSORY NOTE

Date:         February _/5_ , 2013

Borrower:    Bradley C. Smith and wife, Kristy B. Smith

Borrower's Mailing Address:    12524 N. F.M. 95
                                  Nacogdoches, Texas 75961
                                  Nacogdoches County

Lender:    Lloyd Gillespie

Place for Payment: 8211 S. U. S. Hwy. 59
                             Nacogdoches, Texas 75964
                             Nacogdoches County

Principal Amount:    Two Hundred Thousand and No/100 Dollars ($200,000.00)

Annual Interest Rate:    Ten Percent (10%)

Maturity Date:    February _/5_, 2018

Annual Interest Rate on Matured, Unpaid Amounts:

    Eighteen Percent (18%)

Terms of Payment (principal and interest):

    The Principal Amount and interest are due and payable in equal monthly installments of One Thousand Seven Hundred Fifty-Five and 14/100 Dollars ($1,755.14), on the _/5ᵗʰ_ day of each month, beginning March _/5_ , 2013, and continuing until February _/5_ , 2018, when the entire amount of principal and accrued, unpaid interest will be payable in full. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.

Security for Payment:

    This note is secured by a vendor's lien and superior title retained in a deed from Elsie Marie Smith to Borrower dated February _/5_ , 2013, and by a deed of trust of even date from Borrower to Robyn Gillespie, trustee, both of which cover the following real property:

    All that certain tract or parcel of land situated about 14 miles Northeast of the City of Nacogdoches, Nacogdoches County, Texas on the **JOSE FLORES SURVEY, A-30** and being part of the same land described

as a 50 acre tract in a conveyance from the Veterans' Land Board of the State of Texas to Garland Smith, dated April 18, 1960 and recorded in Volume 289, Page 91 of the Deed Records of Nacogdoches County, Texas and being more particularly described as follows:

**BEGINNING** at a 1/2" iron rod set for corner at the NEC of said 50 acre tract, said beginning corner being the SEC of a 75.2 acre tract described as First Tract in a conveyance from George Hubert Barfield as Independent Executor of the Estate of Hilda Muckleroy Barfield, Deceased to George Hubert Barfield, dated September 27, 2004 and recorded in Volume 2214, Page 40 of the Deed Records of Nacogdoches County, Texas and also being in the WBL of a 90 acre tract described as Third Tract in said 2214/40 DRNCT conveyance;

**THENCE** S 00°37' 51" E, 1669.66 feet with the EBL of said 50 acre tract and the WBL of said 90 acre tract to a 1/2" iron rod set for corner, said corner being the SEC of said 50 acre tract and the NEC of a 17 acre tract described in a conveyance from H. E. Martin et ux to E. S. Chandler, dated March 1, 1943 and recorded in Volume 161, Page 383 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 89°22' 24" W, 1768.65 feet with the SBL of said 50 acre tract and the NBL of said 17 acre tract to a 1/2" iron rod set for corner in the East Right of Way of Farm to Market Road 95 (Re: CCM N/145);

**THENCE** with the East Right of Way of Farm to Market Road 95 as follows:

N 00°19' 33" W, 525.18 to a 1/2" iron rod set for corner;

Northwesterly, 158.43 feet with a curve to the left having a radius of 756.76 feet, a central angle of 11°59' 43" and a chord of N 06°19' 24" W, 158.14 feet to a 1/2" iron rod found for corner, said corner being in the Westernmost WBL of said 50 acre tract and also being the South corner of a 2.46 acre tract described in a conveyance from Keith Jones et ux to Kimberly Ann McClelland, dated April 1, 2011 and recorded in Volume 3493, Page 67 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 01°35' 56" W, 400.53 feet with the Westernmost WBL of said 50 acre tract and the EBL of said 2.46 acre tract to a 1/2" iron rod found for corner, said corner being the Westernmost NWC of said 50 acre tract and the Southernmost corner of a 13.63 acre tract described in a conveyance from J. Wayne Jones to Steve K. Bell, dated March 5, 2002 and recorded in Volume 1705, Page 98 of the Deed Records of Nacogdoches County, Texas;

THENCE  N 73°28' 06" E, 891.19 feet with the NWBL of said 50 acre tract and the Easternmost SEBL of said 13.63 acre tract (Bearing base) to a 1" iron rod found for corner, said còrner being a reentrant corner of said 50 acre tract and the Easternmost SEC of said 13.63 acre tract;

THENCE  N 02°08' 29" E, 299.81 feet with the Easternmost WBL of said 50 acre tract and the Easternmost EBL of said 13.63 acre tract to a 1/2" iron rod set for corner, said corner being the Northernmost NWC of said 50 acre tract and the Easternmost NEC of said 13.63 acre tract and also being in the SBL of said 75.2 acre tract;

THENCE  N 89°06' 22" E, 916.30 feet with the NBL of said 50 acre tract and the SBL of said 75.2 acre tract to the place of **BEGINNING**, containing 58.90 acres.

Other Security for Payment: None.

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

Borrower may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Borrower and each surety, endorser, and guarantor waive, to the extent permitted by law, all (1) demand for payment, (2) presentation for payment, (3) notice of intention to accelerate maturity, (4) notice of acceleration of maturity, (5) protest, (6) notice of protest, and (7) rights under sections 51.003 and 51.004 of the Texas Property Code.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the

Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

Bradley C. Smith

Kristy B. Smith

4





**Nacogdoches County**
**Carol Wilson**
**Nacogdoches County Clerk**
**Nacogdoches, Texas 75961**

70 2013 00001277

Instrument Number:  2013-1277

As

**Recorded On: February 15, 2013**          Recording

**Parties:** SMITH ELSIE MARIE                          **Billable Pages: 4**

**To**     SMITH BRADLEY C ETUX                     **Number of Pages: 5**

**Comment:** WARRANTY DEED/VENDOR'S L

*( Parties listed above are for Clerks reference only )*

**\*\* Examined and Charged as Follows: \*\***

| | |
|---|---|
| Recording | 28.00 |
| **Total Recording:** | 28.00 |





**\*\*\*\*\*\*\*\*\*\*\*\* DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\*\***

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                            **Record and Return To:**

Document Number: 2013-1277

Receipt Number: 95016                          STRIPLING PEDERSEN & FLOYD

Recorded Date/Time: February 15, 2013 03:24:18P      PO BOX 630870

Book-Vol/Pg: BK-OPR  VL-3880  PG-72          Nacogdoches TX 75963-0870

User / Station: J Allen - Cash Station 02

I hereby certify that this instrument was filed on the date
and time stamped heron and was duly recorded in the
Official Public Records in Nacogdoches County, Texas

*Carol Wilson*

Carol Wilson
Nacogdoches County Clerk

# WARRANTY DEED WITH VENDOR'S LIEN

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date:        February _15_, 2013

Grantor:        Elsie Marie Smith

Grantor's Mailing Address:

> 12524 N. F.M. 95
> Nacogdoches, Texas 75961
> Nacogdoches County

Grantee:        Bradley C. Smith and wife, Kristy B. Smith

Grantee's Mailing Address:

> 12524 N. F.M. 95
> Nacogdoches, Texas 75961
> Nacogdoches County

Consideration:

> Cash and a note of even date executed by Grantee and payable to the order of Lloyd Gillespie in the principal amount of Two Hundred Thousand and No/100 Dollars ($200,000.00). The note is secured by a first and superior vendor's lien and superior title retained in this deed in favor of Lloyd Gillespie and by a first-lien deed of trust of even date from Grantee to Robyn Gillespie, trustee.

Property (including any improvements):

> All that certain tract or parcel of land situated about 14 miles Northeast of the City of Nacogdoches, Nacogdoches County, Texas on the **JOSE FLORES SURVEY, A-30** and being part of the same land described as a 50 acre tract in a conveyance from the Veterans' Land Board of the State of Texas to Garland Smith, dated April 18, 1960 and recorded in Volume 289, Page 91 of the Deed Records of Nacogdoches County, Texas and being more particularly described as follows:

**BEGINNING** at a 1/2" iron rod set for corner at the NEC of said 50 acre tract, said beginning corner being the SEC of a 75.2 acre tract described as First Tract in a conveyance from George Hubert Barfield as Independent Executor of the Estate of Hilda Muckleroy Barfield, Deceased to George Hubert Barfield, dated September 27, 2004 and recorded in Volume 2214, Page 40 of the Deed Records of Nacogdoches County, Texas and also being in the WBL of a 90 acre tract described as Third Tract in said 2214/40 DRNCT conveyance;

**THENCE** S 00°37' 51" E, 1669.66 feet with the EBL of said 50 acre tract and the WBL of said 90 acre tract to a 1/2" iron rod set for corner, said corner being the SEC of said 50 acre tract and the NEC of a 17 acre tract described in a conveyance from H. E. Martin et ux to E. S. Chandler, dated March 1, 1943 and recorded in Volume 161, Page 383 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 89°22' 24" W, 1768.65 feet with the SBL of said 50 acre tract and the NBL of said 17 acre tract to a 1/2" iron rod set for corner in the East Right of Way of Farm to Market Road 95 (Re: CCM N/145);

**THENCE** with the East Right of Way of Farm to Market Road 95 as follows:

N 00°19' 33" W, 525.18 to a 1/2" iron rod set for corner;

Northwesterly, 158.43 feet with a curve to the left having a radius of 756.76 feet, a central angle of 11°59' 43" and a chord of N 06°19' 24" W, 158.14 feet to a 1/2" iron rod found for corner, said corner being in the Westernmost WBL of said 50 acre tract and also being the South corner of a 2.46 acre tract described in a conveyance from Keith Jones et ux to Kimberly Ann McClelland, dated April 1, 2011 and recorded in Volume 3493, Page 67 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 01°35' 56" W, 400.53 feet with the Westernmost WBL of said 50 acre tract and the EBL of said 2.46 acre tract to a 1/2" iron rod found for corner, said corner being the Westernmost NWC of said 50 acre tract and the Southernmost corner of a 13.63 acre tract described in a conveyance from J. Wayne Jones to Steve K. Bell, dated March 5, 2002 and recorded in Volume 1705, Page 98 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 73°28' 06" E, 891.19 feet with the NWBL of said 50 acre tract and the Easternmost SEBL of said 13.63 acre tract (Bearing base) to a 1" iron rod found for corner, said corner being a reentrant corner of said 50 acre tract and the Easternmost SEC of said 13.63 acre tract;

**THENCE** N 02°08' 29" E, 299.81 feet with the Easternmost WBL of said 50 acre tract and the Easternmost EBL of said 13.63 acre tract to a 1/2" iron rod set for corner, said corner being the Northernmost NWC of said 50 acre tract and the Easternmost NEC of said 13.63 acre tract and also being in the SBL of said 75.2 acre tract;

**THENCE** N 89°06' 22" E, 916.30 feet with the NBL of said 50 acre tract and the SBL of said 75.2 acre tract to the place of **BEGINNING**, containing 58.90 acres.

Reservations from Conveyance:

For Grantor and Grantor's assigns, a reservation of the full possession, benefit, and use of the Property for the remainder of the life of Grantor, as a life estate, including, in addition to all other powers of a life estate, the power to execute and deliver oil, gas and other mineral leases for any term of years, ending either before or after Grantor's death, and the right to possess and consume all bonuses, delay rentals and royalties.

Exceptions to Conveyance and Warranty:

Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded restrictions, reservations, covenants, conditions, zoning ordinances, oil and gas leases, rights of development, mineral severances, and other instruments, other than liens and conveyances, that affect the property; rights of adjoining owners in any walls and fences situated on a common boundary; any discrepancies, conflicts, or shortages in area or boundary lines; any encroachments or overlapping of improvements; any conditions that would be revealed by a physical inspection and survey of the property.

Ad valorem taxes for the year 2013 have been pro-rated between Grantor and Grantee, and Grantee assumes payment of taxes for the year 2013 and subsequent years.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever

3

defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

Lloyd Gillespie, at Grantee's request, has paid in cash to Grantor that portion of the purchase price of the Property that is evidenced by the note. The first and superior vendor's lien against and superior title to the Property are retained for the benefit of Lloyd Gillespie, and are transferred to Lloyd Gillespie without recourse against Grantor. The vendor's lien against and superior title to the Property are retained until each note described is fully paid according to its terms, at which time this deed will become absolute.

When the context requires, singular nouns and pronouns include the plural.

_____
Elsie Marie Smith

THE STATE OF TEXAS,

COUNTY OF NACOGDOCHES,

This instrument was acknowledged before me on February _15_, 2013, by Elsie Marie Smith.

_____
Leanna L. Davis
Notary Public, State of Texas
My Commission Expires: 12/27/2015



**Nacogdoches County**
**Carol Wilson**
**Nacogdoches County Clerk**
**Nacogdoches, Texas 75961**



70 2013 00001278

Instrument Number: 2013-1278

As

**Recorded On:** February 15, 2013      Recording

| | | |
|---|---|---|
| **Parties:** | SMITH BRADLEY C ETUX | **Billable Pages: 10** |
| **To** | GILLESPIE LLOYD | **Number of Pages: 11** |

**Comment:** DEED OF TRUST

*( Parties listed above are for Clerks reference only )*

** Examined and Charged as Follows: **

Recording                    52.00

      **Total Recording:**      52.00

*********** **DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT** ***********

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                    **Record and Return To:**

  Document Number: 2013-1278

    Receipt Number: 95016                        STRIPLING PEDERSEN & FLOYD

Recorded Date/Time: February 15, 2013 03:24:18P        PO BOX 630870

     Book-Vol/Pg: BK-OPR  VL-3880  PG-77        Nacogdoches TX 75963-0870

     User / Station: J Allen - Cash Station 02



I hereby certify that this instrument was filed on the date
and time stamped heron and was duly recorded in the
Official Public Records in Nacogdoches County, Texas

*Carol Wilson*

                Carol Wilson
                Nacogdoches County Clerk

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## DEED OF TRUST

### Terms

Date:       February _15_, 2013

Grantor:    Bradley C. Smith and wife, Kristy B. Smith

Grantor's Mailing Address:

> 12524 N. F.M. 95
> Nacogdoches, Texas 75961
> Nacogdoches County

Trustee:    Robyn Gillespie

Trustee's Mailing Address:

> P. O. Box 631107
> Nacogdoches, Texas 75963
> Nacogdoches County

Lender:     Lloyd Gillespie

Lender's Mailing Address:

> P. O. Box 631107
> Nacogdoches, Texas 75963
> Nacogdoches County

Obligation

> Note
>
>> Date:       February _15_, 2013
>>
>> Original principal amount: Two Hundred Thousand and No/100 Dollars ($200,000.00)

Borrower:     Bradley C. Smith and wife, Kristy B. Smith

Lender:      Lloyd Gillespie

Maturity date:     February _15_ , 2018

Other Debt:

This conveyance is also made in trust to secure payment of all other present and future debts that Grantor may owe to Lender, regardless of how any other such debt is incurred or evidenced. Payment on all present and future debts of Grantor to Lender will be made at 8211 S. U.S. 59, Nacogdoches, in Nacogdoches County, Texas, and the debts will bear interest as provided in notes or other evidences of debt that Grantor will give to Lender. This conveyance is also made to secure payment of any renewal or extension of any present or future debt that Grantor owes to Lender, including any loans and advancements from Lender to Grantor under the provisions of this deed of trust. When Grantor repays all debts owed to Lender, this deed-of-trust lien will terminate only if Lender releases this deed of trust at the request of Grantor. Until Lender releases it, this deed of trust will remain fully in effect to secure other present and future advances and debts, regardless of any additional security given for any debt and regardless of any modification.

Property (including any improvements):

All that certain tract or parcel of land situated about 14 miles Northeast of the City of Nacogdoches, Nacogdoches County, Texas on the **JOSE FLORES SURVEY, A-30** and being part of the same land described as a 50 acre tract in a conveyance from the Veterans' Land Board of the State of Texas to Garland Smith, dated April 18, 1960 and recorded in Volume 289, Page 91 of the Deed Records of Nacogdoches County, Texas and being more particularly described as follows:

**BEGINNING** at a 1/2" iron rod set for corner at the NEC of said 50 acre tract, said beginning corner being the SEC of a 75.2 acre tract described as First Tract in a conveyance from George Hubert Barfield as Independent Executor of the Estate of Hilda Muckleroy Barfield, Deceased to George Hubert Barfield, dated September 27, 2004 and recorded in Volume 2214, Page 40 of the Deed Records of Nacogdoches County, Texas and also being in the WBL of a 90 acre tract described as Third Tract in said 2214/40 DRNCT conveyance;

**THENCE** S 00°37' 51" E, 1669.66 feet with the EBL of said 50 acre tract and the WBL of said 90 acre tract to a 1/2" iron rod set for corner, said corner being the SEC of said 50 acre tract and the NEC of a 17 acre tract described in a conveyance from H. E. Martin et ux to E. S. Chandler, dated March 1, 1943 and recorded in Volume 161, Page 383 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 89°22' 24" W, 1768.65 feet with the SBL of said 50 acre tract and the NBL of said 17 acre tract to a 1/2" iron rod set for corner in the East Right of Way of Farm to Market Road 95 (Re: CCM N/145);

**THENCE** with the East Right of Way of Farm to Market Road 95 as follows:

N 00°19' 33" W, 525.18 to a 1/2" iron rod set for corner;

Northwesterly, 158.43 feet with a curve to the left having a radius of 756.76 feet, a central angle of 11°59' 43" and a chord of N 06°19' 24" W, 158.14 feet to a 1/2" iron rod found for corner, said corner being in the Westernmost WBL of said 50 acre tract and also being the South corner of a 2.46 acre tract described in a conveyance from Keith Jones et ux to Kimberly Ann McClelland, dated April 1, 2011 and recorded in Volume 3493, Page 67 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 01°35' 56" W, 400.53 feet with the Westernmost WBL of said 50 acre tract and the EBL of said 2.46 acre tract to a 1/2" iron rod found for corner, said corner being the Westernmost NWC of said 50 acre tract and the Southernmost corner of a 13.63 acre tract described in a conveyance from J. Wayne Jones to Steve K. Bell, dated March 5, 2002 and recorded in Volume 1705, Page 98 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 73°28' 06" E, 891.19 feet with the NWBL of said 50 acre tract and the Easternmost SEBL of said 13.63 acre tract (Bearing base) to a 1" iron rod found for corner, said corner being a reentrant corner of said 50 acre tract and the Easternmost SEC of said 13.63 acre tract;

**THENCE** N 02°08' 29" E, 299.81 feet with the Easternmost WBL of said 50 acre tract and the Easternmost EBL of said 13.63 acre tract to a 1/2" iron rod set for corner, said corner being the Northernmost NWC of said 50 acre tract and the Easternmost NEC of said 13.63 acre tract and also being in the SBL of said 75.2 acre tract;

**THENCE** N 89°06' 22" E, 916.30 feet with the NBL of said 50 acre tract and the SBL of said 75.2 acre tract to the place of **BEGINNING**, containing 58.90 acres.

Prior Lien: None.

Other Exceptions to Conveyance and Warranty: None.

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

### Clauses and Covenants

A.      **Grantor's Obligations**

Grantor agrees to—

1.      keep the Property in good repair and condition;

2.      pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.      defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.      maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5.      obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.      keep any buildings occupied as required by the Required Insurance Coverages;

7.     if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.     notify Lender of any change of address.

## B.   Lender's Rights

1.     Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

2.     If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3.     Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

4.     Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5.     If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.     If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may—

    a.     declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b.     exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

      c.     direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

      d.     purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7.     Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C.    Trustee's Rights and Duties

If directed by Lender to foreclose this lien, Trustee will—

1.     either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.     sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.     from the proceeds of the sale, pay, in this order—

      a.     expenses of foreclosure, including a reasonable commission to Trustee;

      b.     to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

      c.     any amounts required by law to be paid before payment to Grantor; and

      d.     to Grantor, any balance; and

4.     be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

## D. General Provisions

1.    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5.    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7.    Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

8.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled

automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.    If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13.    This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

14.    If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

15.    Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

16.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

8

18.    The term *Lender* includes any mortgage servicer for Lender.

19.    Grantor represents that this deed of trust and the Note are given for the following purposes:

> The debt evidenced by the note is in part payment of the purchase price of the property; the debt is secured both by this deed of trust and by a vendor's lien on the property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this instrument shall be cumulative. Lender may elect to foreclose under either of the liens without waiving the other or may foreclose under both. The deed is incorporated into this deed of trust.

20.    Grantor shall keep and maintain the premises in compliance with, and shall not cause or permit the premises to be in violation of any applicable environmental, air quality, zoning, planning, building, health, fire, traffic, safety, wetlands, coastal and other governmental or regulatory rules, laws, ordinances, statutes, codes or requirements applicable to the premises. Upon Lender's request, Grantor shall furnish to Lender, at Grantor's sole cost and expense, an environmental audit of the premises performed by an auditor satisfactory to Lender. Such audit must cover all applicable environmental requirements and be in form and substance satisfactory to Lender. Grantor shall protect, indemnify and hold harmless Lender, its directors, officers, employees, agents, successors and assigns from and against any and all loss, damage, cost expenses or liability (including attorneys' fees and costs) directly or indirectly arising out of or attributable to the use, generation, manufacture, production, storage, release, threatened release, discharge, disposal, or presence of any hazardous substance on, under or about the premises including without limitation (a) all foreseeable consequential damages; and (b) the costs of any required or necessary repair, cleanup or detoxification of the premises and the preparation and implementation of any closure, remedial or other required plans. This indemnity shall survive the release of the lien of this Deed of Trust, or the extinguishment of the lien by foreclosure or action in lieu thereof, and this covenant shall survive such release or extinguishment.

21.    If Grantor transfers any part of the property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable. In that event Lender will notify Grantor that the debt is payable; if it is not paid within thirty (30) days after notice to Grantor, Lender may without further notice or demand to Grantor invoke any remedies provided in this instrument for default. Exceptions to this provision for declaring the note due on sale or transfer are limited to the following: (a) creation of a lien or encumbrance subordinate to this deed of trust; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a joint tenant; and (d) grant of a leasehold interest of three years or less without an option to purchase.

22.     Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and appraisals or reappraisals as Lender may deem necessary or be required to make by law or regulation.  Furthermore, Grantor agrees to reimburse Lender for all out of pocket expenses related to reappraisals which are required by law or regulation.  Such sums to be reimbursed shall be secured by this deed of trust and shall bear interest at the rate stated in the note for matured, unpaid amounts.

_Bradley C Smith_
Bradley C. Smith

_Kristy B Smith_
Kristy B. Smith

THE STATE OF TEXAS          *

COUNTY OF NACOGDOCHES   *

    This instrument was acknowledged before me on February _15_, 2013, by Bradley C. Smith and Kristy B. Smith.

_Leanna L Davis_
Leanna L. Davis
Notary Public, State of Texas
My Commission Expires: 12/27/2015

10