**Fill in this information to identify the case:**

Debtor 1: Bradley C. Smith

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Eastern District of Texas

Case number: 21-90242

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   Lloyd Gillespie
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☒ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   Bill Pedersen, Jr.
   Name
   PO Box 630870
   Number   Street
   Nacogdoches   TX   75963
   City   State   ZIP Code
   Contact phone (936) 564-0445
   Contact email billpedersen@striplinglaw.com

   Where should payments to the creditor be sent? (if different)
   Lloyd Gillespie
   Name
   PO Box 631107
   Number   Street
   Nacogdoches   TX   75963
   City   State   ZIP Code
   Contact phone (936) 554-8557
   Contact email lloydgillespie1@yahoo.com

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

4. **Does this claim amend one already filed?**
   ☒ No
   ☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/___
   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☒ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410        Proof of Claim

EXHIBIT A

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: **9 7 5 0**

**7. How much is the claim?**  $ **306,765.13**. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Purchase money for 58.90 acres in Nacogdoches County, Texas

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: **Promissory Note and Deed of Trust**
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                   $ **316,410.00**
Amount of the claim that is secured:                 $ **306,765.13**
Amount of the claim that is unsecured: $ **0.00** (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ **306,765.13**

Annual Interest Rate (when case was filed) **18.00** %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.  $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

☑ No
☐ Yes. Check one:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/10/2022
                    MM / DD / YYYY

_Lloyd Gillespie_ (signature)
Signature

Print the name of the person who is completing and signing this claim:

Name        Lloyd Gillespie
            First name    Middle name    Last name

Title       _____

Company     _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     PO Box 631107
            Number    Street
            Nacogdoches                      TX    75963
            City                             State ZIP Code

Contact phone  (936) 554-8557          Email  lloydgillespie1@yahoo.com

Official Form 410                Proof of Claim                      page 3

## Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

### Part 1: Mortgage and Case Information
- Case number: 21-90242
- Debtor 1: Bradley C. Smith
- Debtor 2:
- Last 4 digits to Identify: 9750
- Creditor: Lloyd Gillespie
- Servicer:
- Fixed accrual/daily simple interest/other: $66.42

### Part 2: Total Debt Calculation
- Principal balance: $212,549.95
- Interest due: $94,215.18
- Fees, costs due / Escrow deficiency for funds advanced:
- Less total funds on hand: —
- Total debt: $306,765.13

### Part 3: Arrearage as of Date of the Petition
- Principal & interest due: $306,765.13
- Prepetition fees due:
- Escrow deficiency for funds advanced:
- Projected escrow shortage:
- Less funds on hand: —
- Total prepetition arrearage: $306,765.13

### Part 4: Monthly Mortgage Payment
- Principal & interest:
- Monthly escrow:
- Private mortgage insurance:
- Total monthly payment:

### Part 5: Loan Payment History from First Date of Default

| A. Date | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |

1. The Promissory Note matured on 2/15/2018. At that time, the unpaid amount due was $212,549.95.
2. No payments were made on the Promissory Note after 2/15/2018.
3. Post maturity interest at eighteen percent (18%) per annum at $66.42 per diem from 2/16/2018 to 12/30/2021, the date Debtor filed this bankruptcy, is $94,215.18.
4. Total balance due on the Promissory Note as of 12/30/2021 is $306,765.13.
5. No escrow account.

Official Form 410A    Mortgage Proof of Claim Attachment    page 1 of 1

## PROMISSORY NOTE

Date:    February 15, 2013

Borrower:    Bradley C. Smith and wife, Kristy B. Smith

Borrower's Mailing Address:    12524 N. F.M. 95
Nacogdoches, Texas 75961
Nacogdoches County

Lender:    Lloyd Gillespie

Place for Payment:   8211 S. U. S. Hwy. 59
Nacogdoches, Texas 75964
Nacogdoches County

Principal Amount:    Two Hundred Thousand and No/100 Dollars ($200,000.00)

Annual Interest Rate:    Ten Percent (10%)

Maturity Date:    February 15, 2018

Annual Interest Rate on Matured, Unpaid Amounts:

Eighteen Percent (18%)

Terms of Payment (principal and interest):

The Principal Amount and interest are due and payable in equal monthly installments of One Thousand Seven Hundred Fifty-Five and 14/100 Dollars ($1,755.14), on the 15th day of each month, beginning March 15, 2013, and continuing until February 15, 2018, when the entire amount of principal and accrued, unpaid interest will be payable in full. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.

Security for Payment:

This note is secured by a vendor's lien and superior title retained in a deed from Elsie Marie Smith to Borrower dated February 15, 2013, and by a deed of trust of even date from Borrower to Robyn Gillespie, trustee, both of which cover the following real property:

All that certain tract or parcel of land situated about 14 miles Northeast of the City of Nacogdoches, Nacogdoches County, Texas on the **JOSE FLORES SURVEY, A-30** and being part of the same land described

as a 50 acre tract in a conveyance from the Veterans' Land Board of the State of Texas to Garland Smith, dated April 18, 1960 and recorded in Volume 289, Page 91 of the Deed Records of Nacogdoches County, Texas and being more particularly described as follows:

**BEGINNING** at a 1/2" iron rod set for corner at the NEC of said 50 acre tract, said beginning corner being the SEC of a 75.2 acre tract described as First Tract in a conveyance from George Hubert Barfield as Independent Executor of the Estate of Hilda Muckleroy Barfield, Deceased to George Hubert Barfield, dated September 27, 2004 and recorded in Volume 2214, Page 40 of the Deed Records of Nacogdoches County, Texas and also being in the WBL of a 90 acre tract described as Third Tract in said 2214/40 DRNCT conveyance;

**THENCE** S 00°37' 51" E, 1669.66 feet with the EBL of said 50 acre tract and the WBL of said 90 acre tract to a 1/2" iron rod set for corner, said corner being the SEC of said 50 acre tract and the NEC of a 17 acre tract described in a conveyance from H. E. Martin et ux to E. S. Chandler, dated March 1, 1943 and recorded in Volume 161, Page 383 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 89°22' 24" W, 1768.65 feet with the SBL of said 50 acre tract and the NBL of said 17 acre tract to a 1/2" iron rod set for corner in the East Right of Way of Farm to Market Road 95 (Re: CCM N/145);

**THENCE** with the East Right of Way of Farm to Market Road 95 as follows:

N 00°19' 33" W, 525.18 to a 1/2" iron rod set for corner;

Northwesterly, 158.43 feet with a curve to the left having a radius of 756.76 feet, a central angle of 11°59' 43" and a chord of N 06°19' 24" W, 158.14 feet to a 1/2" iron rod found for corner, said corner being in the Westernmost WBL of said 50 acre tract and also being the South corner of a 2.46 acre tract described in a conveyance from Keith Jones et ux to Kimberly Ann McClelland, dated April 1, 2011 and recorded in Volume 3493, Page 67 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 01°35' 56" W, 400.53 feet with the Westernmost WBL of said 50 acre tract and the EBL of said 2.46 acre tract to a 1/2" iron rod found for corner, said corner being the Westernmost NWC of said 50 acre tract and the Southernmost corner of a 13.63 acre tract described in a conveyance from J. Wayne Jones to Steve K. Bell, dated March 5, 2002 and recorded in Volume 1705, Page 98 of the Deed Records of Nacogdoches County, Texas;

2

**THENCE** N 73°28' 06" E, 891.19 feet with the NWBL of said 50 acre tract and the Easternmost SEBL of said 13.63 acre tract (Bearing base) to a 1" iron rod found for corner, said corner being a reentrant corner of said 50 acre tract and the Easternmost SEC of said 13.63 acre tract;

**THENCE** N 02°08' 29" E, 299.81 feet with the Easternmost WBL of said 50 acre tract and the Easternmost EBL of said 13.63 acre tract to a 1/2" iron rod set for corner, said corner being the Northernmost NWC of said 50 acre tract and the Easternmost NEC of said 13.63 acre tract and also being in the SBL of said 75.2 acre tract;

**THENCE** N 89°06' 22" E, 916.30 feet with the NBL of said 50 acre tract and the SBL of said 75.2 acre tract to the place of **BEGINNING**, containing 58.90 acres.

Other Security for Payment: None.

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

Borrower may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Borrower and each surety, endorser, and guarantor waive, to the extent permitted by law, all (1) demand for payment, (2) presentation for payment, (3) notice of intention to accelerate maturity, (4) notice of acceleration of maturity, (5) protest, (6) notice of protest, and (7) rights under sections 51.003 and 51.004 of the Texas Property Code.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the

Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

*Bradley C. Smith*
Bradley C. Smith

*Kristy B. Smith*
Kristy B. Smith

4

**Nacogdoches County**
**Carol Wilson**
**Nacogdoches County Clerk**
**Nacogdoches, Texas 75961**


70 2013 00001278



Instrument Number: 2013-1278

Recorded On: February 15, 2013   As Recording

Parties: SMITH BRADLEY C ETUX
To    GILLESPIE LLOYD

Billable Pages: 10
Number of Pages: 11

Comment: DEED OF TRUST

( Parties listed above are for Clerks reference only )

** Examined and Charged as Follows: **

Recording              52.00
   Total Recording:    52.00

************ DO NOT REMOVE. THIS PAGE IS PART OF THE INSTRUMENT ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

**File Information:**
Document Number: 2013-1278
Receipt Number: 95016
Recorded Date/Time: February 15, 2013 03:24:18P
Book-Vol/Pg: BK-OPR VL-3880 PG-77
User / Station: J Allen - Cash Station 02

**Record and Return To:**

STRIPLING PEDERSEN & FLOYD
PO BOX 630870
Nacogdoches TX 75963-0870



I hereby certify that this instrument was filed on the date and time stamped heron and was duly recorded in the Official Public Records in Nacogdoches County, Texas

*Carol Wilson*

Carol Wilson
Nacogdoches County Clerk

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## DEED OF TRUST

### Terms

Date:    February 15, 2013

Grantor:    Bradley C. Smith and wife, Kristy B. Smith

Grantor's Mailing Address:

>   12524 N. F.M. 95
>   Nacogdoches, Texas 75961
>   Nacogdoches County

Trustee:    Robyn Gillespie

Trustee's Mailing Address:

>   P. O. Box 631107
>   Nacogdoches, Texas 75963
>   Nacogdoches County

Lender:    Lloyd Gillespie

Lender's Mailing Address:

>   P. O. Box 631107
>   Nacogdoches, Texas 75963
>   Nacogdoches County

Obligation

>   Note
>
>   >   Date:    February 15, 2013
>   >
>   >   Original principal amount: Two Hundred Thousand and No/100 Dollars ($200,000.00)

Borrower:    Bradley C. Smith and wife, Kristy B. Smith

Lender:    Lloyd Gillespie

Maturity date:    February _15_, 2018

Other Debt:

This conveyance is also made in trust to secure payment of all other present and future debts that Grantor may owe to Lender, regardless of how any other such debt is incurred or evidenced. Payment on all present and future debts of Grantor to Lender will be made at 8211 S. U.S. 59, Nacogdoches, in Nacogdoches County, Texas, and the debts will bear interest as provided in notes or other evidences of debt that Grantor will give to Lender. This conveyance is also made to secure payment of any renewal or extension of any present or future debt that Grantor owes to Lender, including any loans and advancements from Lender to Grantor under the provisions of this deed of trust. When Grantor repays all debts owed to Lender, this deed-of-trust lien will terminate only if Lender releases this deed of trust at the request of Grantor. Until Lender releases it, this deed of trust will remain fully in effect to secure other present and future advances and debts, regardless of any additional security given for any debt and regardless of any modification.

Property (including any improvements):

All that certain tract or parcel of land situated about 14 miles Northeast of the City of Nacogdoches, Nacogdoches County, Texas on the JOSE FLORES SURVEY, A-30 and being part of the same land described as a 50 acre tract in a conveyance from the Veterans' Land Board of the State of Texas to Garland Smith, dated April 18, 1960 and recorded in Volume 289, Page 91 of the Deed Records of Nacogdoches County, Texas and being more particularly described as follows:

BEGINNING at a 1/2" iron rod set for corner at the NEC of said 50 acre tract, said beginning corner being the SEC of a 75.2 acre tract described as First Tract in a conveyance from George Hubert Barfield as Independent Executor of the Estate of Hilda Muckleroy Barfield, Deceased to George Hubert Barfield, dated September 27, 2004 and recorded in Volume 2214, Page 40 of the Deed Records of Nacogdoches County, Texas and also being in the WBL of a 90 acre tract described as Third Tract in said 2214/40 DRNCT conveyance;

2

**THENCE** S 00°37' 51" E, 1669.66 feet with the EBL of said 50 acre tract and the WBL of said 90 acre tract to a 1/2" iron rod set for corner, said corner being the SEC of said 50 acre tract and the NEC of a 17 acre tract described in a conveyance from H. E. Martin et ux to E. S. Chandler, dated March 1, 1943 and recorded in Volume 161, Page 383 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 89°22' 24" W, 1768.65 feet with the SBL of said 50 acre tract and the NBL of said 17 acre tract to a 1/2" iron rod set for corner in the East Right of Way of Farm to Market Road 95 (Re: CCM N/145);

**THENCE** with the East Right of Way of Farm to Market Road 95 as follows:

N 00°19' 33" W, 525.18 to a 1/2" iron rod set for corner;

Northwesterly, 158.43 feet with a curve to the left having a radius of 756.76 feet, a central angle of 11°59' 43" and a chord of N 06°19' 24" W, 158.14 feet to a 1/2" iron rod found for corner, said corner being in the Westernmost WBL of said 50 acre tract and also being the South corner of a 2.46 acre tract described in a conveyance from Keith Jones et ux to Kimberly Ann McClelland, dated April 1, 2011 and recorded in Volume 3493, Page 67 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 01°35' 56" W, 400.53 feet with the Westernmost WBL of said 50 acre tract and the EBL of said 2.46 acre tract to a 1/2" iron rod found for corner, said corner being the Westernmost NWC of said 50 acre tract and the Southernmost corner of a 13.63 acre tract described in a conveyance from J. Wayne Jones to Steve K. Bell, dated March 5, 2002 and recorded in Volume 1705, Page 98 of the Deed Records of Nacogdoches County, Texas;

**THENCE** N 73°28' 06" E, 891.19 feet with the NWBL of said 50 acre tract and the Easternmost SEBL of said 13.63 acre tract (Bearing base) to a 1" iron rod found for corner, said corner being a reentrant corner of said 50 acre tract and the Easternmost SEC of said 13.63 acre tract;

**THENCE** N 02°08' 29" E, 299.81 feet with the Easternmost WBL of said 50 acre tract and the Easternmost EBL of said 13.63 acre tract to a 1/2" iron rod set for corner, said corner being the Northernmost NWC of said 50 acre tract and the Easternmost NEC of said 13.63 acre tract and also being in the SBL of said 75.2 acre tract;

3

**THENCE** N 89°06' 22" E, 916.30 feet with the NBL of said 50 acre tract and the SBL of said 75.2 acre tract to the place of **BEGINNING**, containing 58.90 acres.

Prior Lien: None.

Other Exceptions to Conveyance and Warranty: None.

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

### Clauses and Covenants

**A.    Grantor's Obligations**

Grantor agrees to—

1. keep the Property in good repair and condition;

2. pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4. maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5. obey all laws, ordinances, and restrictive covenants applicable to the Property;

6. keep any buildings occupied as required by the Required Insurance Coverages;

4

7.  if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.  notify Lender of any change of address.

**B.  Lender's Rights**

1.  Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

2.  If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3.  Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

4.  Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5.  If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.  If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may—

   a.  declare the unpaid principal balance and earned interest on the Obligation immediately due;

   b.  exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

5

  c. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

  d. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C. Trustee's Rights and Duties

If directed by Lender to foreclose this lien, Trustee will—

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order—

  a. expenses of foreclosure, including a reasonable commission to Trustee;

  b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

  c. any amounts required by law to be paid before payment to Grantor; and

  d. to Grantor, any balance; and

4. be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

6

#### D. General Provisions

1. If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5. If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7. Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled

automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.  In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

14. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

15. Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

16. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

8

18. The term *Lender* includes any mortgage servicer for Lender.

19. Grantor represents that this deed of trust and the Note are given for the following purposes:

The debt evidenced by the note is in part payment of the purchase price of the property; the debt is secured both by this deed of trust and by a vendor's lien on the property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this instrument shall be cumulative. Lender may elect to foreclose under either of the liens without waiving the other or may foreclose under both. The deed is incorporated into this deed of trust.

20. Grantor shall keep and maintain the premises in compliance with, and shall not cause or permit the premises to be in violation of any applicable environmental, air quality, zoning, planning, building, health, fire, traffic, safety, wetlands, coastal and other governmental or regulatory rules, laws, ordinances, statutes, codes or requirements applicable to the premises. Upon Lender's request, Grantor shall furnish to Lender, at Grantor's sole cost and expense, an environmental audit of the premises performed by an auditor satisfactory to Lender. Such audit must cover all applicable environmental requirements and be in form and substance satisfactory to Lender. Grantor shall protect, indemnify and hold harmless Lender, its directors, officers, employees, agents, successors and assigns from and against any and all loss, damage, cost expenses or liability (including attorneys' fees and costs) directly or indirectly arising out of or attributable to the use, generation, manufacture, production, storage, release, threatened release, discharge, disposal, or presence of any hazardous substance on, under or about the premises including without limitation (a) all foreseeable consequential damages; and (b) the costs of any required or necessary repair, cleanup or detoxification of the premises and the preparation and implementation of any closure, remedial or other required plans. This indemnity shall survive the release of the lien of this Deed of Trust, or the extinguishment of the lien by foreclosure or action in lieu thereof, and this covenant shall survive such release or extinguishment.

21. If Grantor transfers any part of the property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable. In that event Lender will notify Grantor that the debt is payable; if it is not paid within thirty (30) days after notice to Grantor, Lender may without further notice or demand to Grantor invoke any remedies provided in this instrument for default. Exceptions to this provision for declaring the note due on sale or transfer are limited to the following: (a) creation of a lien or encumbrance subordinate to this deed of trust; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a joint tenant; and (d) grant of a leasehold interest of three years or less without an option to purchase.

22. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and appraisals or reappraisals as Lender may deem necessary or be required to make by law or regulation. Furthermore, Grantor agrees to reimburse Lender for all out of pocket expenses related to reappraisals which are required by law or regulation. Such sums to be reimbursed shall be secured by this deed of trust and shall bear interest at the rate stated in the note for matured, unpaid amounts.

_____
Bradley C. Smith

_____
Kristy B. Smith

THE STATE OF TEXAS          *

COUNTY OF NACOGDOCHES   *

This instrument was acknowledged before me on February _15_, 2013, by Bradley C. Smith and Kristy B. Smith.

_____
Leanna L. Davis
Notary Public, State of Texas
My Commission Expires: 12/27/2015

10