IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION



| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BRADLEY C. SMITH** | § | |
| xxx-xx-9750 | § | Case No. 21-90242 |
| 12526 N FM 95, Nacogdoches, TX 75961 | § | |
| | § | |
| Debtor | § | Chapter 13 |

## ORDER DISMISSING CHAPTER 13 CASE
## WITH PREJUDICE FOR 120 DAYS

On March 31, 2022 this Court entered an *Order Denying Confirmation of Chapter 13 Plan; Setting 30-Day Dismissal Deadline for Filing New Chapter 13 Plan; and Setting Final Dismissal Deadline Pertaining to Plan Confirmation* (the "Deadline Order") which ordered the Debtor, Bradley C. Smith, to file a new Chapter 13 plan within thirty (30) days of the date of the order and provided that, in the event the Debtor failed to file a new plan within that time period, absent a further order of this Court extending the deadline for cause shown, or in the event that the Debtor thereafter failed to confirm such new Chapter 13 plan upon consideration by this Court under its normal procedures, this Chapter 13 case would be dismissed with prejudice to the rights of the Debtor to file a subsequent petition under any of the provisions of Title 11, United States Code, for a period of one hundred twenty (120) days from the entry of the order of dismissal without further notice or hearing.

The Court's *sua sponte* review of the file in this case reveals that, although he filed

a new plan as directed by the Court, the Debtor failed to achieve confirmation of such plan under the Court's normal confirmation procedures.  The Court finds that this second failure of the Debtor to achieve confirmation of a Chapter 13 plan constitutes an unreasonable delay by the Debtor that is prejudicial to creditors and that such failure constitutes just cause for the dismissal of this case with prejudice pursuant to 11 U.S.C. §§349(a) and 1307(c).  Accordingly, just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the above-referenced Chapter 13 case is **DISMISSED WITH PREJUDICE** to the re-filing of any petition under Title 11 by Bradley C. Smith, the above-referenced Debtor, **for a period of one hundred twenty (120) days from the date of the entry of this order,** and that all Income Withholding Orders previously entered in this case are hereby terminated.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. §1326(a)(2):

(1)   the pre-confirmation adequate protection payments which have been previously tendered by the Debtor to the Chapter 13 Trustee for the benefit of creditors holding an allowed claim secured by personal property retained by the Debtor shall be forwarded to the applicable secured creditor(s) by the Chapter 13 Trustee in the monthly amount specified by the Debtor in the most recently-proposed Chapter 13 plan;

(2)   funds thereafter remaining on deposit with the Chapter 13 Trustee, if any, shall first be applied to the payment of all approved administrative expenses, to be distributed on an equivalent basis until such time as a claim has been paid in full, unless a different distribution priority has been authorized under any prior order of the Court; and

(3)   following the full satisfaction of all allowed administrative expenses, funds thereafter remaining on deposit with the Chapter 13 Trustee, if any, shall be

distributed to the Debtor.

Signed on 06/20/2022

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE